## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 19-4779-GW-FFMx | Date | July 18, 2019 |
| Title | *Martin Chacon Lopez, et al. v. Ford Motor Company, et al.* | | |

Present: The Honorable **GEORGE H. WU, UNITED STATES DISTRICT JUDGE**

| Javier Gonzalez | Katie E. Thibodeaux | |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Anh X. Nguyen | Charles F. Harlow, by telephone |

**PROCEEDINGS:** SCHEDULING CONFERENCE

The Court's Tentative Ruling on Remand for Lack of Subject Matter Jurisdiction is circulated and attached hereto. Court hears oral argument. Based on the Tentative, and for reasons stated on the record, the Court orders this matter remanded to the Los Angeles County Superior Court, County of Los Angeles for further proceedings.

: 04

Initials of Preparer    JG

## I. Introduction

On April 30, 2019, Plaintiffs Martin Chacon Lopez and Dolores Torres filed the present lawsuit in state court alleging: (1) violation of Song-Beverly Act – Section 1793.2(d), (2) violation of Song-Beverly Act – Section 1793.2(b), (3) violation of Song-Beverly Act Section 1793.2(a)(3), (4) violation of Song-Beverly Act – breach of express warranty, (5) violation of Song-Beverly Act – breach of implied warranty, against Ford Motor Company ("Ford") and (6) negligent repair against South Bay Ford (collectively "Defendants"). *See* Complaint, attached as Exhibit B to Notice of Removal, Docket No. 1-2. In the Complaint, Plaintiffs asserted various deficiencies in their newly purchased 2015 Ford Edge ("Vehicle") (*id.* at ¶¶ 8-10); and also that South Bay Ford (after Plaintiffs had taken the vehicle to it for substantial repairs) "breached its duty to Plaintiff to use ordinary care and skill by failing to properly store, prepare and repair the Subject Vehicle in accordance with industry standards." *Id.* at ¶ 37.

Defendants filed a notice of removal in this matter on May 31, 2019, on the basis of diversity jurisdiction. *See* Notice of Removal ("NoR"), Docket No. 1. While the NoR recognized that defendant South Bay Ford was a citizen of California, it argued that South Bay Ford was fraudulently joined and that its citizenship should be disregarded. *Id.* ¶¶ 23-40.

On July 8, 2019, the parties filed their Federal Rule of Civil Procedure 26(f) Joint Report, and Plaintiffs indicated that they would file a motion to remand "shortly." *See* Joint Report Rule 26(f) Discovery, Docket No. 10, at 2. On July 15, 2019, said motion was filed. *See* Docket No. 11.

## II. Discussion

Defendant Ford is a Delaware corporation with its principle place of business in Michigan. *See* NoR ¶ 22. Defendant South Bay Ford is a California corporation. *Id.* ¶ 23. Plaintiffs are all citizens of California. *Id.* ¶ 21. Defendants claim that this Court has diversity jurisdiction over this matter because South Bay Ford was fraudulently joined in Plaintiffs' Complaint and its citizenship should not be considered in the Court's analysis of diversity. *See generally id.*

Federal courts possess limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congressional statute. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994). Federal courts operate under the presumption that they do not have jurisdiction over state causes of action, and the party claiming federal jurisdiction must prove otherwise. *See id.* (citing *Turner v. Bank of N. Am.*, 4 U.S. 8, 11 (1799); *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 182-83 (1936)). Additionally, "[t]he defendant bears the burden of establishing that removal is proper" and removal statutes are "strictly construed against removal jurisdiction." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("[J]urisdiction must be rejected if there is any doubt as to the right of removal.").

Federal courts have an independent duty to analyze whether subject-matter jurisdiction exists, regardless of whether a party raises the issue. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006); *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 966-67 (9th Cir. 2004). A court may remand a case on jurisdictional grounds without giving the parties an opportunity to address the issue. *See Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d

1

982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity to respond when a court contemplates dismissing a claim on the merits, it is not so when the dismissal is for lack of subject matter jurisdiction.") (citations omitted).

As noted, Ford argues that this Court has diversity jurisdiction under 28 U.S.C. § 1332. Subject-matter jurisdiction exists over claims that: (1) are between citizens of different states, and (2) have an amount in controversy greater than $75,000. *See* 28 U.S.C. § 1332(a). Defendants do not dispute that both South Bay Ford and Plaintiffs are citizens of California. *See generally* NoR. Instead, Defendants argue that South Bay Ford has been fraudulently joined and therefore should be ignored for purposes of diversity. *See generally id.*

First, Defendants argue that Plaintiffs will not be able to establish a negligent repair claim against South Bay Ford because "as to the repair history for the vehicle, Plaintiffs never returned to South Bay expressing concerns about previous repair work by South Bay Ford." *Id.* ¶ 35. Defendants also take issue with the vagueness of Plaintiffs' allegation that South Bay Ford "fail[ed] to properly store, prepare and repair the Subject Vehicle in accordance with industry standards." *Id.* ¶ 36 (citing Complaint ¶ 37).

Defendants, therefore, are in effect challenging the merits of the negligent repair claim by arguing that Plaintiffs never expressed concerns about the repair work. However, it is unlikely that Plaintiffs' complaining would even be necessary to state a valid claim. *See Sabicer v. Ford Motor Co.*, 362 F.Supp.3d 837, 840-41 (C.D. Cal. 2019) (listing the elements of a negligent repair claim). Next, as to the vagueness of Plaintiffs' allegations, the Court would note that Plaintiffs could potentially amend their claims to add additional factual allegations. *See GranCare, LLC v. Thrower*, 889 F.3d 543, 549 (9th Cir. 2018) ("We emphasized in *Hunter* that a federal court must find that a defendant was properly joined and remand the case to state court if there is a '*possibility* that a state court would find that the complaint states a cause of action against any of the [non-diverse] defendants.'" (quoting *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1046 (9th Cir. 2009) (emphasis added))).

Defendants have also failed to show the economic loss rule entirely precludes Plaintiffs' negligent repair claim. Plaintiffs allege electrical, exterior, structural, engine, and transmission defects. Complaint ¶ 10. Additionally, Plaintiffs aver that South Bay Ford failed "to properly store, prepare, and repair" the vehicle which caused them damages. *Id.* at ¶¶ 37-38. The economic loss rule would "not necessarily bar recovery in tort for damage that these subcomponents cause to the engine as a whole or for damage that the engine caused to the Vehicle in which it has been incorporated." *See Sabicer*, 362 F.Supp.3d at 841.[1] Defendants have not established that a customer could never recover against a dealership for negligent repair of a vehicle under warranty. *See Lytle*, 2018 WL 4793800, at *4-5 (E.D. Cal. Oct. 1, 2018) ("California law is not so settled

---

[1] It would be noted that the *Sabicer* case raised substantially the same facts/situation as this case. Therein, plaintiff sued the Ford Motor Company pursuant to the same "lemon law" causes of action as are involved here as to a Ford F-150 truck; and (like this case) the plaintiffs only named the repair facility defendant (Santa Margarita Ford) in a single cause of action for "negligent repair." 362 F.Supp.3d at 839-40. As to that latter claim, plaintiffs similarly alleged that Santa Margarita Ford "breached [its] duty by failing to properly store, prepare, and repair the Vehicle." *Id.* at 841. Judge Carney of the Central District of California Court held that: (1) the economic loss rule did not preclude a negligent repair claim against the repair facility defendant (*id.* at 841-42); and (2) defendants failed to show that the repair facility defendant had been fraudulently joined (*id.* at 842). Consequently, the case was remanded back to state court.

It is also noted that the *Sabicer* decision is consistent with a growing number of lemon law cases involving Defendant Ford and an authorized repair facility (where the latter was solely named in a negligent repair cause of action) which have rejected Ford's fraudulent joinder theory espoused herein. *See e.g. Lytle*, 2018 WL 4793800, at *4-5; *Tasch v. Ford Motor Co.*, Case No. 18-cv-380-R, 2018 WL 3956493, at *1 (C.D. Cal. Aug. 16, 2018).

that a plaintiff could not possibly recover against a dealership for negligent repair of a vehicle."); *see also Tasch v. Ford Motor Co.*, Case No. 18-cv-380-R, 2018 WL 3956493, at *1 (C.D. Cal. Aug. 16, 2018) (finding defendants did not show plaintiff's negligent repair claim was impossible as a matter of California law).

Defendants have not met their burden to establish that joinder of South Bay Ford was fraudulent. *See GranCare*, 889 F.3d at 548 ("A defendant invoking federal court diversity jurisdiction on the basis of fraudulent joinder bears a 'heavy burden' since there is a 'general presumption against [finding] fraudulent joinder.' [citation omitted]".). Because the fraudulent joinder exception to the diversity requirement does not apply, the parties to this action are not completely diverse and this Court lacks subject matter jurisdiction. The action was improperly removed and must be remanded to Los Angeles County Superior Court. *See* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

### III. Conclusion

For the reasons stated herein, the Court would order that this matter be remanded forthwith to the Los Angeles County Superior Court, County of Los Angeles for further proceedings.